IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RICHARD MYSILWIEC, | CIVIL ACTION |
| Plaintiff, | |
| v. | COMPLAINT 1:18-cv-01761 |
| DIVERSIFIED CONSULTANTS, INC., | JURY TRIAL DEMANDED |
| Defendant. | |

## COMPLAINT

NOW COMES Plaintiff, RICHARD MYSILWIEC, by and through his attorneys, SULAIMAN LAW GROUP, LTD., complaining of Defendant, DIVERSIFIED CONSULTANTS, INC., as follows:

## NATURE OF THE ACTION

1. This is an action brought by a consumer seeking redress for violation(s) of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA")

## JURISDICTION AND VENUE

2. Subject matter jurisdiction exists over the FDCPA claim(s) under 15 U.S.C. § 1692k(d) and 28 U.S.C. §§ 1331 and 1337.

3. Subject matter jurisdiction exists over the TCPA claim(s) under 28 U.S.C. §§ 1331 and 1337.

4. Venue is proper under 28 U.S.C. § 1391(b) as a substantial part of the events giving rise to the claims took place in the Northern District of Illinois.

1

## PARTIES

5. RICHARD MYSILWIEC ("Mysilwiec") is a natural person, over 18-years-of-age, who at all times relevant resided at the property commonly known as 46 Big Chief Drive, Bourbonnais, Illinois 60914.

6. Mysilwiec is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. DIVERSIFIED CONSULTANTS, INC. ("DCI"), a telecom-specific collection company, specializes in the bad debt recovery of wireless, landline, cable, satellite, utilities, and security arenas. It offers third party collection and pre-collection services; and resolves customers' delinquency and dispute issues. The company was founded in 1992 and is headquartered in Jacksonville, Florida. It has a satellite office in Portland, Oregon.

8. DCI is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

9. DCI uses instrumentalities of interstate commerce and the mail in its business – the principal purpose of which is the collection of debt owed or due or asserted to be owed or due another.

## FACTUAL ALLEGATIONS

10. Mysilwiec obtained telecommunications services through AT&T and accumulated a balance.

11. Mysilwiec defaulted.

12. In November, 2017, DCI initiated a relentless telephone harassment campaign in an effort to collect balance owed AT&T.

13. At all times relevant, Mysilwiec was the sole operator, possessor, and subscriber of the cellular telephone number ending in 1316.

14. Immediately thereafter, Mysilwiec answered and was received by a pause, click, and dead air before being connected to a representative.

15. Specifically, there was a clear pause between the time Mysilwiec said "hello," and the time that a representative introduced them self.

16. Mysilwiec advised the DCI representative his inability to pay, and demanded that they stop calling.

17. Mysilwiec's demand that DCI cease calls to his cellular telephone fell on deaf ears and DCI continued to place collection calls to Mysilwiec's cellular telephone.

18. In total, DCI placed no less than 19 collection calls to Mysilwiec's cellular telephone after he demanded that the calls cease.

19. Upon information and belief, DCI placed the collection calls to Mysilwiec's cellular telephone using a predictive dialing system, an automated telephone dialing system that is commonly used in the credit servicing industry to collect defaulted consumer debt.

20. DCI placed calls to Mysilwiec's cellular telephones from, *inter alia*: (312) 637-4684, (312) 637-8789, and (312) 637-8854.

21. At all times relevant, Mysilwiec was financially responsible for his cellular telephone equipment and services.

## DAMAGES

22. DCI' collection calls have severely disrupted Mysilwiec's everyday life and overall well-being.

23. DCI' collection calls have resulted in intrusion and occupation of Mysilwiec's cellular services, thus impeding receipt of other calls.

24. DCI' collection calls have resulted in unnecessary depletion of Mysilwiec's cellular battery requiring him to incur electricity charges to recharge his cellular telephone.

25. DCI' phone harassment campaign and illegal collection activities have caused Mysilwiec actual harm, including but not limited to, invasion of privacy, nuisance, loss of subscribed minutes, intrusion upon and occupation of Mysilwiec's cellular telephone capacity, wasting Mysilwiec's time, the increased risk of personal injury resulting from the distraction caused by the phone calls, decreased work productivity, aggravation that accompanies unsolicited telephone calls, emotional distress, mental anguish, anxiety, loss of concentration, diminished value and utility of telephone equipment and telephone subscription services, the loss of battery charge, and the per-kilowatt electricity costs required to recharge his cellular telephone as a result of increased usage of his telephone services.

26. Concerned about the violations of his rights and invasion of his privacy, Mysilwiec sought counsel to file this action to compel DCI to cease its unlawful conduct.

## CLAIMS FOR RELIEF

### COUNT I:
### Fair Debt Collection Practices Act

27. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

28. Mysilwiec's balance with AT&T is a "debt" as defined by 15 U.S.C. § 1692a(5).

29. DCI is attempting to collect a debt used for "personal purpose" as defined by 15 U.S.C. § 1692a(5).

### Violation(s) of 15 U.S.C. §§ 1692d, and d(5)

30. Section 1692d prohibits a debt collector from engaging in conduct the natural consequence of which is to harass, oppress, or abuse in connection with the collection of a debt.

31. Section 1692d(5) prohibits a debt collector from causing a telephone to ring continuously with the intent to annoy, abuse, or harass.

32. DCI violated 15 U.S.C. §§1692d, and d(5) by making no less than 19 collection calls to Mysilwiec's cellular telephone despite Mysilwiec's demand that they stop.

33. Mysilwiec may enforce the provisions of 15 U.S.C. §§1692d, and d(5) pursuant to section k of the Fair Debt Collection Practices Act (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the Fair Debt Collection Practices Act] with respect to any person is liable to such person in an amount equal to the sum of -

    (1) any actual damage sustained by such person as a result of such failure;

    (2)

        (A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

    (3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

WHEREFORE, Mysilwiec requests the following relief:

a. find that DCI violated 15 U.S.C. §§ 1692d, and d(5);

b. award actual, and statutory damages, and costs of this action including expenses together with attorneys' fees as determined by this Court; and

c. grant any other relief deemed appropriate and equitable.

## COUNT II:
## Telephone Consumer Protection Act (47 U.S.C. § 227 *et seq*.)

34. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

35. DCI placed or caused to be placed non-emergency calls, including but not limited to the aforementioned collection calls, to Mysilwiec's cellular telephone number ending in 1316 utilizing an automatic telephone dialing system ("ATDS") without Mysilwiec's consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

36. In a 2003 declaratory ruling the Federal Communications Commission ("FCC") concluded that equipment which has the capacity to "store or produce numbers and dial those numbers at random, in sequential order, from a database of numbers" qualifies as an ATDS under the statute. 18 F.C.C.R. 14014, 14091-93 (2003).

37. In 2012, the FCC stated that a predictive dialer included "any equipment that has the specified capacity to generate numbers and dial them without human intervention regardless of whether the numbers called are randomly or sequentially generated or come from calling lists." 27 F.C.C.R. at 15392 n. 5 (2012).

38. In its Order, the FCC "reiterate[d] that predictive dialers, as previously described by the commission, satisfy the TCPA's definition of an 'autodialer.'" *Id*.

39. Upon information and belief, based on the lack of prompt human response during the collection calls Mysilwiec answered, DCI employed a predictive dialer to place collection calls to Mysilwiec's cellular telephone number ending in 1316.

40. Upon information and belief, the predictive dialing system employed by DCI transfers the call to a live representative once a human voice is detected, thus resulting in a pause after the called party speaks into the phone.

41. DCI violated the TCPA by placing no less than 19 calls to Mysilwiec's cellular telephone number ending in 1316 from November, 2017 to present-day utilizing an ATDS without Mysilwiec's consent.

42. As pled above, Mysilwiec was severely harmed by DCI' collection calls to his cellular telephone.

43. Upon information and belief, DCI has no system in place to document and archive whether it has consent to continue to contact consumers on their cellular telephones.

44. Upon information and belief, DCI knew its collection practices were in violation of the TCPA, yet continued to employ them to increase profits at Mysilwiec's expense.

45. DCI acted through its agents, employees, and/or representatives at all times relevant.

46. As a result of DCI' violations of 47 U.S.C. § 227 *et seq.*, Mysilwiec is entitled to receive no less than $500.00 in statutory damages, for each and every violation.

47. As a result of DCI' *knowing and willful violations* of 47 U.S.C. § 227 *et seq.*, Mysilwiec is entitled to receive no less than $1,500.00 in statutory damages, for each and every violation.

WHEREFORE, Mysilwiec requests the following relief:

a. find that DCI violated 47 U.S.C. § 227 *et seq.*;

b. enjoin DCI from placing any further calls to Mysilwiec's cellular telephone number ending in 1316 in the future;

c. award statutory damages of at least $500.00, and treble damages of $1,500.00, for each and every violation; and

d. grant any other relief deemed appropriate and equitable.

**Plaintiff demands trial by jury.**

March 12, 2018                                                        Respectfully submitted,

*/s/ Joseph Scott Davidson*

Joseph Scott Davidson
Mohammed Omar Badwan
**SULAIMAN LAW GROUP, LTD.**
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
+1 630-575-8181
jdavidson@sulaimanlaw.com
mbadwan@sulaimanlaw.com

*Counsel for Richard Mysilwiec*